53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Yesenia GARCIA-PINEDA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-9546.
 United States Court of Appeals, Tenth Circuit.
 May 1, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises from the Board of Immigration Appeals' (Board) dismissal of petitioner's request for asylum and withholding of deportation. Petitioner was a student attending a class at a university in El Salvador when a group of guerillas entered her classroom at random and forced all eight students in the room to accompany them, under threat of death. Shortly after they left the building, they encountered a battle between guerrillas and the army and, in the ensuing confusion and with the help of a sympathetic guerilla who untied them, petitioner and the other students escaped. The only exchange between the guerillas and the students during the short captivity was the guerillas' demand and notation of the students' names, and the instruction that the students accompany them or be killed. After she escaped, petitioner fled to the capital of El Salvador, where she stayed until she came to this country.
 
 
 3
 On May 8, 1993, petitioner was ordered to show cause why she should not be deported for entering the United States without inspection, in violation of 8 U.S.C. 1251(a)(1)(B). Petitioner conceded deportability and applied for asylum and withholding of deportation. An Immigration Judge found petitioner ineligible for asylum and withholding of deportation, but granted her voluntary departure. Petitioner appealed to the Board. The Board dismissed the appeal, finding that petitioner had failed to establish refugee status because the record did not show that she had a well-founded fear of persecution based on one of five statutory grounds. The Board also found that petitioner failed to meet the even higher burden necessary for withholding of deportation.
 
 
 4
 This court has recognized that the Immigration and Nationality Act
 
 
 5
 establishes a two-part test for determining whether a deportable alien is statutorily eligible for asylum. Step one requires the alien to show that he or she is a refugee by proving either past persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Step two allows that once the alien has established statutory eligibility as a refugee, the Attorney General may apply his discretion in granting asylum.
 
 
 6
 Nguyen v. INS, 991 F.2d 621, 625 (10th Cir.1993)(quotations and citations omitted). The Board's determination that petitioner
 
 
 7
 was not eligible for asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." It can be reversed only if the evidence presented by [petitioner] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.
 
 
 8
 INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992)(quoting 8 U.S.C. 1105a(a)(4)).
 
 
 9
 We have reviewed the administrative record, and we hold that it contains substantial evidence to support the Board's finding that petitioner failed to establish her entitlement to refugee status because she did not show past or anticipated persecution on account of one of the five statutory bases. Specifically, nowhere does the record show, either directly or circumstantially, that petitioner's capture was motivated by her political opinion. See id. at 816-17. Further, "the mere existence of a generalized 'political' motive underlying the guerrillas' forced recruitment is inadequate to establish (and, indeed, goes far to refute) the proposition that [petitioner] fears persecution on account of political opinion, as [8 U.S.C. 1101(a)(42)(A) ] requires." Id. at 816.[2]
 
 
 10
 Petitioner, in her reply brief, maintains that the Immigration Judge, the Board, and respondent have all missed the point of her argument. She argues that her refugee status arises not from any expressed political opinion, but from an imputed political opinion. Petitioner maintains that, as evidenced by the guerillas' use of force in "recruiting" her to join their ranks, they imputed a political opinion to petitioner that was hostile to their own and that her escape will have furthered an imputed hostile political opinion, such that she has a well-founded fear of future persecution.
 
 
 11
 We need not express an opinion on the validity of imputed political opinion as the basis for refugee status because, in this case, the record contains no evidence that petitioner has done or said anything that would cause the guerillas to impute a political opinion to her. See Abedini v. United States INS, 971 F.2d 188, 192 (9th Cir.1992). The only record evidence of behavior of any kind by petitioner is her status as a student and her escape from forced captivity. She offered no specific facts to show that the guerillas, in fact, treat students or escapees as pro-government. See Ravindran v. INS, 976 F.2d 754, 760 (1st Cir.1992). To the contrary, petitioner testified that the guerillas possibly view students as more sympathetic to their cause. Further, petitioner's escape from attempted conscription could be construed by the guerillas in a number of ways unrelated to political motive. See Elias-Zacarias, 112 S.Ct. at 815-16; see also Abedini, 971 F.2d at 192.
 
 
 12
 To secure withholding of deportation, petitioner must establish a clear probability of persecution, a heavier burden than she bore to obtain asylum. Castaneda v. INS, 23 F.3d 1576, 1578 (10th Cir.1994). Because we hold that the record contains substantial evidence to support the Board's denial of petitioner's request for asylum, " 'it is clear that [s]he did not meet the tougher standard required for withholding of deportation.' " Id. (quoting Nguyen, 991 F.2d at 626).
 
 
 13
 The order of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner's failure to satisfy her factual burden regarding past or anticipated persecution obviates the need for the court to address the discretionary refusal of asylum. Castaneda v. INS, 23 F.3d 1576, 1578 (10th Cir.1994)